1 | KATE S. LEHRMAN [Bar No. 123050]
klehrman@lehrmanlawgroup.com
2 | JACQUELINE BRUCE CHINERY [Bar No. 187544]
jchinery@lehrmanlawgroup.com
3 | LEHRMAN LAW GROUP
4 | 12121 Wilshire Boulevard
Suite 1300
5 | Los Angeles, CA 90025
(310) 917-4500
6 | (310) 917-5677 (FAX)

7

8 | Attorneys for Defendant
JAGUAR LAND ROVER NORTH AMERICA, LLC

9

10

11 | UNITED STATES DISTRICT COURT

12 | CENTRAL DISTRICT OF CALIFORNIA

13

14 | HAROLD JABARIAN, an individual, ) Case No. 2:18-cv-5679
) [Filed: February 23, 2018]
15 | Plaintiff, )
) Hon.
16 | v. ) Courtroom
)
17 | JAGUAR LAND ROVER NORTH ) **NOTICE OF REMOVAL OF**
18 | AMERICA, LLC, a limited liability ) **ACTION UNDER 28 U.S.C. §1441**
company; LAND ROVER ENCINO, ) **(DIVERSITY); DECLARATION**
19 | a business entity, form unknown; and ) **OF JACQUELINE BRUCE**
DOES 1 through 50, inclusive, ) **CHINERY**
20 | )
21 | Defendants. )
)
22 | ) DISCOVERY CUT-OFF: NONE
23 | ) MOTION CUT-OFF: NONE
_____ ) TRIAL DATE: NONE
24

25 | **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

26 | **PLEASE TAKE NOTICE** that defendant Jaguar Land Rover North

27 | America, LLC (JLRNA or defendant), hereby removes to this Court the state

28 | Court action described below.

1.     On February 23, 2018, an action was commenced in the Superior Court of the State of California, County of Los Angeles, case number BC695333, entitled *Harold Jabarian v. Jaguar Land Rover North America, LLC, Land Rover Encino, and Does 1 through 50*, inclusive.  A true and correct copy of the Summons and Complaint, and associated Orders and Notices from the state Court served therewith, is attached as Exhibit A to the Declaration of Jacqueline Bruce Chinery.

2.     JLRNA filed an Answer to the Complaint on April 19, 2018.  A true and correct copy of JLRNA's Answer is attached as Exhibit B to the Declaration of Jacqueline Bruce Chinery.

3.     On June 4, 2018, plaintiff filed a Request for Dismissal with respect to Land Rover Encino.  It was on this date that JLRNA received, through service or otherwise, a copy of a pleading, Motion, Order or other paper from which it could first be ascertained that the case is one which is removable.  A true and correct copy of the Request for Dismissal of Land Rover Encino is attached as Exhibit C to the Declaration of Jacqueline Bruce Chinery.  No further proceedings have been had in the state Court action.

## THIS COURT HAS DIVERSITY JURISDICTION

4.     With the dismissal of Land Rover Encino, the above-described action became a civil action of which this court has original jurisdiction under the provisions of Title 28, Section 1332 of the United States Code, and is one that may be removed to this court by defendant, pursuant to Title 28, Section 1441 of the United States Code, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

///

///

///

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (DIVERSITY); DECLARATION OF JACQUELINE BRUCE CHINERY

**A.      There Is Complete Diversity Between The Parties**

5.      Plaintiff Harold Jabarian is the only named plaintiff.  At the time this action was commenced, was and still is a citizen of the State of California. (*See* Complaint, paragraph 1.)

6.      With the dismissal of Land Rover Encino, JLRNA is the only named defendant.  At the time this action was commenced, JLRNA was and still is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of New Jersey.  JLRNA was not and is not organized under the laws of the State of California.  The sole member of JLRNA is Jaguar Land Rover Limited, a private limited company incorporated under the laws of England and Wales with its principal place of business in Coventry, United Kingdom.  Neither JLRNA nor its sole member is a citizen of the State of California.

**B.      The Matter In Controversy Exceeds The Sum Or Value Of $75,000**

7.      Plaintiff alleges that on or about June 26, 2015 he bought a new 2015 Land Rover Range Rover, Vehicle Identification Number SALGS2TFXFA227129, for $131,606.60.  (*See* Complaint, paragraphs 6, 7 and 8.)  Plaintiff seeks to have JLRNA repurchase his vehicle, reimburse all costs he has incurred in connection with his purchase of the vehicle, pay him a civil penalty of two times his actual damages, and pay his attorney's fees and costs of suit.  (*See* Complaint, paragraphs 17 through 26 and 30 through 34.)

8.      Since plaintiff alleges he purchased the vehicle for $131,606.60, the amount in controversy is at least $394,819.80 ($131,606.60 price of vehicle + (2 x $131,606.60) civil penalty), without taking into consideration whatever incidental and consequential damages plaintiff may claim or the attorney fees and costs plaintiff may claim.

///
///

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (DIVERSITY); DECLARATION OF JACQUELINE BRUCE CHINERY**

9.    The potential civil penalty is properly included in the amount in controversy.  (*See, e.g., Brady v. Mercedes Benz,* (N.D. Cal. 2002) 243 F.Supp.2d 1004, 1009.) A reasonable estimate of attorney's fees likely to be expended is also properly included.  (*Id*. at 1010-11.)  Fee awards in cases of this nature may be substantial, even in cases that are settled without trial.  (*See, e.g., Goglin v. Jaguar Land Rover North America, LLC* (2016) 4 Cal.App.5th 462, 470 ($185,214.19 fee award); *Gezalyan v. Jaguar Land Rover North America, LLC* (C.D. Cal. 2010) 697 F.Supp.2d 1168, 1171 ($50,404.34 fee award).)

10.    This Court has supplemental subject matter jurisdiction over the claims set forth in the complaint pursuant to 28 U.S.C. § 1367(a), because the claims set forth therein are so related to the claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

**WHEREFORE**, JLRNA prays that the above action now pending against it in the Superior Court of California, County of Los Angeles, be removed therefrom to this Court.

DATED:  June 27, 2018          LEHRMAN LAW GROUP
                               KATE S. LEHRMAN
                               JACQUELINE BRUCE CHINERY


                    By:    /s/ *Jacqueline Bruce Chinery*
                           Jacqueline Bruce Chinery
                           Attorneys for Defendant
                           JAGUAR LAND ROVER NORTH
                           AMERICA, LLC

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (DIVERSITY); DECLARATION OF
JACQUELINE BRUCE CHINERY

## DECLARATION OF JACQUELINE BRUCE CHINERY

I, Jacqueline Bruce Chinery, declare as follows:

1.      I am an attorney at law duly licensed and entitled to practice in the State of California.  I am also admitted to practice before this Court.  I am associated with Lehrman Law Group, attorneys of record for defendant Jaguar Land Rover North America, LLC (JLRNA or defendant).  I am one of the attorneys with primary responsibility for handling this matter on behalf of defendant.  In that capacity, I am personally familiar with the facts set forth herein and if called as a witness in this case, I could and would competently testify thereto.

2.      The facts set forth in JLRNA's removal petition are true and correct.

3.      On February 23, 2018, an action was commenced in the Superior Court of the State of California, County of Los Angeles, case number BC695333, entitled *Harold Jabarian v. Jaguar Land Rover North America, LLC, Land Rover Encino, and Does 1 through 50*, inclusive.  A true and correct copy of the Summons and Complaint, and associated Orders and Notices from the state Court served therewith, is attached as Exhibit A to the Declaration of Jacqueline Bruce Chinery.

4.      JLRNA filed an Answer to the Complaint on April 19, 2018.  A true and correct copy of JLRNA's Answer is attached as Exhibit B to the Declaration of Jacqueline Bruce Chinery.

5.      On June 4, 2018, plaintiff filed a Request for dismissal with respect to Land Rover Encino.  It was on this date that JLRNA received, through service or otherwise, a copy of a pleading, Motion, Order or other paper from which it could first be ascertained that the case is one which is removable.  A true and correct copy of the Request for Dismissal of Land Rover Encino is attached as Exhibit C to the Declaration of Jacqueline Bruce Chinery.  No further proceedings have been had in the state Court action.

6.     Plaintiff Harold Jabarian is the only named plaintiff.  At the time this action was commenced, was and still is a citizen of the State of California. (*See* Complaint, paragraph 1.)

7.     With the dismissal of Land Rover Encino, JLRNA is the only named defendant.  At the time this action was commenced, JLRNA was and still is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of New Jersey.  JLRNA was not and is not organized under the laws of the State of California.  The sole member of JLRNA is Jaguar Land Rover Limited, a private limited company incorporated under the laws of England and Wales with its principal place of business in Coventry, United Kingdom.  Neither JLRNA nor its sole member is a citizen of the State of California.

8.     Plaintiff alleges that on or about June 26, 2015 he bought a new 2015 Land Rover Range Rover, Vehicle Identification Number SALGS2TFXFA227129, for $131,606.60.  (*See* Complaint, paragraphs 6, 7 and 8.)  Plaintiff seeks to have JLRNA repurchase his vehicle, reimburse all costs he has incurred in connection with his purchase of the vehicle, pay him a civil penalty of two times his actual damages, and pay his attorney's fees and costs of suit.  (*See* Complaint, paragraphs 17 through 26 and 30 through 34.)

///
///
///
///
///
///
///
///
///

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (DIVERSITY); DECLARATION OF JACQUELINE BRUCE CHINERY**

9.     Since plaintiff alleges he purchased the vehicle for $131,606.60, the amount in controversy is at least $394,819.80 ($131,606.60 price of vehicle + (2 x $131,606.60) civil penalty), without taking into consideration whatever incidental and consequential damages plaintiff may claim or the attorney fees and costs plaintiff may claim.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of June, 2018, at Los Angeles, California.

/s/ *Jacqueline Bruce Chinery*
Jacqueline Bruce Chinery

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (DIVERSITY); DECLARATION OF
JACQUELINE BRUCE CHINERY**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# EXHIBIT A

26
27
28

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (DIVERSITY); DECLARATION OF JACQUELINE BRUCE CHINERY**



**NJH / WARBREACH**
**Transmittal Number: 17898559**
**Date Processed: 03/15/2018**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Danielle Hauk<br>Jaguar Land Rover North America, LLC<br>555 Mcarthur Blvd.<br>Mahwah, NJ 07430 |
| **Electronic copy provided to:** | Adela Lungo<br>Maria Romero<br>Christine DiDomizio<br>John Golden |

| | |
|---|---|
| **Entity:** | Jaguar Land Rover North America, LLC<br>Entity ID Number  3279821 |
| **Entity Served:** | Jaguar Land Rover North America LLC |
| **Title of Action:** | Harold Jabarian vs. Jaguar Land Rover North America, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Breach of Warranty |
| **Court/Agency:** | Los Angeles County Superior Court, California |
| **Case/Reference No:** | BC695333 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 03/14/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Norman F. Taylor<br>818-244-3905 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JAGUAR LAND ROVER NORTH AMERICA, LLC, a limited liability company;
LAND ROVER ENCINO, a business entity, form unknown; and DOES 1
through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HAROLD JABARIAN, an individual.

<table>
<tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
<tr><td>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>FEB 2 3 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: _____, Deputy<br>Moses Soto</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>The name and address of the court is:<br>(El nombre y dirección de la corte es):<br><br>Los Angeles Superior Court - Central District<br>111 North Hill Street, Los Angeles, CA 90012</td><td>CASE NUMBER:<br>(Número del Caso)<br><br>BC 6 9 5 3 3 3</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Norman Taylor and Associates, 425 West Broadway, Suite 220, Glendale, CA 91204; (818) 244-3905

DATE: FEB 2 3 2018      SHERRI R. CARTER Clerk, by ___ M. Soto ___, Deputy
(Fecha)                (Secretario)                        (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): JAGUAR Land Rover North America, LLC, a limited liability company

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☒ by personal delivery on (date): 3/14/18

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

COPY

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Norman F. Taylor, Esq. (SBN 127325), John K. Ciccarelli, Esq. (SBN 139169)
Norman Taylor & Associates
425 West Broadway, Suite 220
Glendale, CA 91204
 TELEPHONE NO.: (818) 244-3905   FAX NO.: (818) 244-6052
ATTORNEY FOR *(Name):* Plaintiff, Harold Jabarian

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 23 2018

Sherri R. Carter, executive Officer/Clerk

By: _____ Deputy
Moses Soto

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
 STREET ADDRESS: 111 North Hill Street
 MAILING ADDRESS: 111 North Hill Street
 CITY AND ZIP CODE: Los Angeles, CA  90012
 BRANCH NAME: Central District

CASE NAME:
Jabarian vs. Jaguar Land Rover North America, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | BC 6 9 5 3 3 3 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* 1) Breach of Express Warranty; 2) Breach of Implied Warranty
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 02/15/18
Norman F. Taylor, Esq.
_____
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

COPY

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: Jabarian vs. Jaguar Land Rover North America, LLC, et al. | CASE NUMBER BC 6 9 5 3 3 3 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
### STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5-7 ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

COPY

| SHORT TITLE: Jabarian vs. Jaguar Land Rover North America, LLC, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☑ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

014

| SHORT TITLE: Jabarian vs. Jaguar Land Rover North America, LLC, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

015

| SHORT TITLE: Jabarian vs. Jaguar Land Rover North America, LLC, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>15800 Ventura Blvd. |
|---|---|
| CITY: Encino | STATE: CA | ZIP CODE: 91436 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 02/15/18

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

016

COPY

1  Norman F. Taylor, Esq. (SBN: 127325)
   John K. Ciccarelli, Esq. (SBN: 139169)
2  **NORMAN TAYLOR & ASSOCIATES**
   425 West Broadway, Suite 220
3  Glendale, California 91204-1269
   Telephone: 818.244.3905
4  Facsimile: 818.244.6052

5  Attorneys for Plaintiff,
   HAROLD JABARIAN

6

7

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 2 3 2018

Sherri R. Carter, executive Officer/Clerk

By: _____, Deputy
Maray Pata

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

10

11  HAROLD JABARIAN, an individual,          Case No.:   **BC 6 9 5 3 3 3**

12              Plaintiff,

13      vs.                                   **COMPLAINT RE VIOLATION OF THE
                                              SONG-BEVERLY CONSUMER
14  JAGUAR LAND ROVER NORTH AMERICA,          WARRANTY ACT ["ACT"] {Civil Code §§
    LLC, a limited liability company; LAND    1790 et seq.}:
15  ROVER ENCINO, a business entity, form
    unknown; and DOES 1 through 50, inclusive, 1.   **BREACH OF EXPRESS
16                                                  WARRANTY OBLIGATIONS
                                                    UNDER THE ACT;**
17              Defendants.
                                              2.   **BREACH OF IMPLIED
18                                                  WARRANTY OBLIGATIONS
                                                    UNDER THE ACT**
19

20                                            **DEMAND FOR JURY TRIAL**

21

22                                            *UNLIMITED CIVIL CASE*
                                              *Amount In Controversy Exceeds $25,000*
23

24      Plaintiff, HAROLD JABARIAN, (hereinafter referred to as "PLAINTIFF"), hereby alleges

25  as follows:

26                        **GENERAL ALLEGATIONS**

27                   **COMMON TO ALL CAUSES OF ACTION**

28      1.   PLAINTIFF is, and at all times herein mentioned was, an individual residing in La

COMPLAINT RE VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT ["ACT"]
{Civil Code §§ 1790 et seq.}

1    Canada Flintridge, County of Los Angeles, State of California.

2       2.      PLAINTIFF is informed and believes, and thereon alleges, that Defendant JAGUAR

3    LAND ROVER NORTH AMERICA, LLC (hereinafter referred to as "JLRNA"), is, and at all

4    times herein mentioned was, a limited liability company duly licensed and/or authorized to conduct

5    business in, and conducting business in the County of Los Angeles, State of California.

6       3.      PLAINTIFF is informed and believes, and thereon alleges, that Defendant LAND

7    ROVER ENCINO ("LAND ROVER ENCINO"), is, and at all times herein mentioned was, a

8    business entity, form unknown, duly licensed and/or authorized to conduct business in, and

9    conducting business in the City of Encino, County of Los Angeles, State of California.

10      4.     a)      The true names and capacities, whether individual, corporate, associate, or

11   otherwise, of Defendant DOES 1 through 50, inclusive, are unknown to PLAINTIFF, who therefore

12   sue these Defendants by such fictitious names, and PLAINTIFF will seek leave to amend this

13   Complaint to set forth their true names and capacities when ascertained.

14           b)      PLAINTIFF is informed and believes, and thereon alleges, that each of the

15   Defendants designated herein as a "DOE" is responsible in some manner for the events and

16   happenings herein referred to and caused damage to PLAINTIFF as herein alleged.

17      5.     a)      PLAINTIFF is informed and believes, and thereon alleges, that at all times

18   herein mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each

19   of their Co-Defendants.

20           b)      PLAINTIFF is informed and believes, and thereon alleges, that in doing the

21   things hereinafter alleged, Defendants, and each of them, were acting in the course and scope of their

22   employment as such agents, servants, and/or employees, and/or with the permission, consent,

23   knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

24       6.      PLAINTIFF is informed and believes and thereon alleges that before June 26, 2015,

25   Defendants JLRNA and/or DOES 1 through 20, inclusive, and each of them (hereinafter individually

26   and collectively referred to as the "MANUFACTURER"), manufactured and/or distributed, in the

27   United States and the State of California, a consumer good identified as a 2015 Land Rover Range

28   Rover bearing vehicle identification number SALGS2TFXFA227129 (hereinafter referred to as the

COMPLAINT RE VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT ["ACT"]
{Civil Code §§ 1790 et seq.}

1    "SUBJECT VEHICLE"), for its eventual sale to retail purchasers. A true and correct copy of the

2    Retail Installment Sale Contract is attached hereto as Exhibit "A" and incorporated by this reference.

3        7.      At all times mentioned herein, the SUBJECT VEHICLE was, and is, a "new motor

4    vehicle" as defined at Civil Code § 1793.22(e)(2) of the Song-Berverly Consumer Warranty Act, Civil

5    Code §§ 1790 et seq. (hereinafter referred to as the "ACT"), in that said SUBJECT VEHICLE was a

6    new motor vehicle purchased with the MANUFACTURER's new car warranty.

7        8.      On or about June 26, 2015, PLAINTIFF purchased the SUBJECT VEHICLE for

8    personal, family, and/or household purposes, from Defendant LAND ROVER ENCINO, an

9    authorized dealer and agent of MANUFACTURER, and/or DOES 21 through 50, inclusive, and each

10   of them (hereinafter individually and collectively referred to as "DEALER"), retail merchants

11   authorized by MANUFACTURER to do business in the State of California on behalf of

12   MANUFACTURER, for a total consideration over the term of the contract of $131,606.60.

13       9.      MANUFACTURER appended to the SUBJECT VEHICLE an express written "new

14   car" warranty in which it warranted to perform any repairs or replacement of parts necessary to

15   ensure that the SUBJECT VEHICLE and the components therein were free from all defects in

16   material and workmanship, and to perform any adjustments necessary to maintain the utility of the

17   SUBJECT VEHICLE and the parts, components, and various electrical and/or mechanical systems

18   contained therein, for a period of 4 years/50,000 miles.  A true and correct copy of the express

19   warranty summary is attached hereto as Exhibit "B" and incorporated by this reference.

20       10.     PLAINTIFF duly performed all the conditions on his part under the purchase contract

21   and under each of the express warranties referenced above, except insofar as the acts and/or

22   omissions of all Defendants herein, and each of them, as hereinafter alleged, prevented and/or

23   excused such performance.

24       11.  a)     On or about January 11, 2016, and at an odometer reading of or around 9,993

25   miles, PLAINTIFF returned the SUBJECT VEHICLE to Defendants for repairs under the warranties

26   referenced above because it exhibited defects, nonconformities, maladjustments or malfunctions

27   relating to, *inter alia*, the navigation panel, rear bottom tailgate and transmission.

28           b)     Subsequently, the SUBJECT VEHICLE exhibited further and additional

---

3

COMPLAINT RE VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT ["ACT"]
{Civil Code §§ 1790 et seq.}

1  defects, nonconformities, maladjustments or malfunctions in the same components or systems.

2      12.   a)    On each occasion on which the SUBJECT VEHICLE exhibited defects, non-

3  conformities, misadjustments, or malfunctions, as hereinabove described, PLAINTIFF notified

4  MANUFACTURER, through LAND ROVER ENCINO or one of MANUFACTURER'S other

5  authorized service and repair facilities, within a reasonable time after PLAINTIFF discovery thereof.

6          b)    On each occasion of notification, PLAINTIFF attempted to invoke the

7  applicable warranties, demanding that the authorized repair facilities repair such nonconformities

8  pursuant to the warranties.

9      13.   a)    On each such occasion, Defendants, and each of them, represented to

10  PLAINTIFF that they could and would make the SUBJECT VEHICLE conform to the applicable

11  warranties, and/or that they had successfully repaired the SUBJECT VEHICLE.

12          b)    However, Defendants, and each of them, failed to make the SUBJECT

13  VEHICLE conform to the applicable warranties, despite a reasonable number of attempts to do so.

14      14.   PLAINTIFF discovered that Defendants, and each of them, were unable or

15  unwilling to make the SUBJECT VEHICLE conform to the applicable warranties.

16

### FIRST CAUSE OF ACTION
17
**(Breach of Express Warranty Obligations Under the ACT)**
18
**(Against All Defendants)**

19      15.   PLAINTIFF realleges each and every paragraph contained in the GENERAL

20  ALLEGATIONS set forth hereinabove, and hereby incorporates them by this reference as though

21  fully set forth herein.

22      16.   The actions of Defendants, and each of them, in failing to perform the proper repairs,

23  parts replacements, and/or adjustments to make the SUBJECT VEHICLE conform to the applicable

24  express warranties constitute a breach of the express warranties that MANUFACTURER provided to

25  PLAINTIFF, thereby breaching Defendants' obligations under the ACT.

26      17.   a)    As the result of the actions of Defendants, and each of them, and pursuant to

27  the provisions of the ACT, PLAINTIFF is entitled to replacement of the SUBJECT VEHICLE, or

28  restitution of the amount actually paid or payable under the contract, at PLAINTIFF's option, plus

1    prejudgment interest thereon at the legal rate.

2           b)     PLAINTIFF will seek leave of the Court to amend this Complaint to set forth

3    the exact amount of restitution and interest, upon election, when ascertained.

4        18.   a)     As a further result of the actions of Defendants, and each of them, and

5    pursuant to the ACT, PLAINTIFF has sustained and is entitled to incidental damages in an amount

6    yet to be determined, plus interest thereon at the legal rate.

7           b)     PLAINTIFF will seek leave of the Court to amend this Complaint to set forth

8    the exact amount of incidental damages when ascertained.

9        19.   a)     As a further result of the actions of Defendants, and each of them, and

10    pursuant to the ACT, PLAINTIFF has sustained and is entitled to consequential damages in an

11    amount yet to be determined, plus interest thereon at the legal rate.

12           b)     PLAINTIFF will seek leave of the Court to amend this Complaint to set forth

13    the exact amount of consequential damages when ascertained.

14        20.   a)     Defendants, and each of them, failed to perform the necessary repairs or

15    service in a good and workmanlike manner.

16           b)     The actions taken by Defendants, and each of them, were insufficient to make

17    the SUBJECT VEHICLE conform to the express warranties and/or proper operational characteristics

18    of like vehicles, all in violation of Defendants' obligations under the ACT.

19        21.     Although Defendants, and each of them, were unable to service or repair the

20    SUBJECT VEHICLE to conform to the applicable express warranties after a reasonable number of

21    attempts, Defendants failed to replace the SUBJECT VEHICLE or make restitution to PLAINTIFF

22    in accordance with the ACT.

23        22.     Defendants, and each of them, knew of their obligations under the ACT but

24    intentionally failed or declined to fulfill them.

25        23.     The failure of Defendants, and each of them, to make the SUBJECT VEHICLE

26    conform to the applicable express warranties was willful, justifying an award of a Civil Penalty as

27    provided in the ACT in an amount not to exceed two (2) times PLAINTIFF's actual damages.

28        24.     The failure of Defendants, and each of them, to replace the SUBJECT VEHICLE or

1  make restitution to PLAINTIFF was willful, justifying an award of a Civil Penalty as provided in the

2  ACT in an amount not to exceed two (2) times PLAINTIFF's actual damages.

3      25.   a)    On or about September 1, 2017, PLAINTIFF made demand upon

4  MANUFACTURER for replacement or restitution, pursuant to the ACT.

5          b)    Defendants, and each of them, knew of their obligations under the ACT, but,

6  nevertheless, and despite PLAINTIFF's demand, failed and refused to make restitution or

7  replacement according to the mandates of the ACT.

8          c)    The failure of Defendants, and each of them, to refund the consideration paid

9  and payable, or to replace the SUBJECT VEHICLE with a similar vehicle free from defects, justifies

10  an award of a Civil Penalty in an amount not to exceed two (2) times PLAINTIFF's actual damages,

11  as provided in the ACT.

12     26.   a)    As a direct result of the actions of Defendants, and each of them, and in

13  pursuing PLAINTIFF's claim, it was necessary for PLAINTIFF to retain legal counsel.

14          b)    Pursuant to the ACT, PLAINTIFF is entitled to the recovery of attorneys' fees

15  based upon actual time expended, and to the recovery of all costs and expenses reasonably incurred

16  in pursuing this matter.

17

18                    **SECOND CAUSE OF ACTION**
                **(Breach of Implied Warranty Obligations Under the ACT)**

19                      **(Against All Defendants)**

20     27.   PLAINTIFF realleges each and every paragraph contained in the GENERAL

21  ALLEGATIONS set forth hereinabove, and hereby incorporates them by reference as though fully

22  set forth at length herein.

23     28.   At the time that MANUFACTURER distributed the SUBJECT VEHICLE into

24  commerce, and at the time that PLAINTIFF acquired the SUBJECT VEHICLE, Defendants, and

25  each of them, impliedly warranted that the SUBJECT VEHICLE was merchantable as provided in

26  the ACT.

27     29.   The SUBJECT VEHICLE was not merchantable, as evidenced by the defects, non-

28  conformities, maladjustments, and/or malfunctions as hereinabove alleged.

30. a) As the result of the actions of Defendants, and each of them, PLAINTIFF has sustained damage in the amount actually paid or payable under the contract, plus prejudgment interest thereon at the legal rate.

b) PLAINTIFF will seek leave to amend this Complaint to set forth the exact amount thereof when ascertained.

31. a) As a further result of the actions of Defendants, and each of them, PLAINTIFF has sustained incidental damages in an amount yet to be determined, plus interest thereon at the legal rate.

b) PLAINTIFF will seek leave to amend this Complaint to set forth the exact amount of incidental damages when ascertained.

32. a) As a further result of the actions of Defendants, and each of them, PLAINTIFF has sustained consequential damages in an amount yet to be determined, plus interest thereon at the legal rate.

b) PLAINTIFF will seek leave to amend this Complaint to set forth the exact amount of consequential damages when ascertained.

33. The failure of Defendants, and each of them, to refund the consideration paid and payable, or to replace the SUBJECT VEHICLE with a similar vehicle free from defects, justifies an award of a Civil Penalty in an amount not to exceed two (2) times PLAINTIFF's actual damages, as provided in the ACT.

34. a) As a direct result of the actions of Defendants, and each of them, and in pursuing PLAINTIFF's claim, it was necessary for PLAINTIFF to retain legal counsel.

b) Pursuant to the ACT, PLAINTIFF is entitled to the recovery of attorneys' fees based upon actual time expended, and to the recovery of all costs and expenses reasonably incurred in pursuing this matter.

//
//
//
//

COMPLAINT RE VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT ["ACT"]
{Civil Code §§ 1790 et seq.}

1    WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, as
2    follows:

3    **AS TO THE FIRST, SECOND AND THIRD CAUSES OF ACTION**

4    1.    For replacement or restitution, at PLAINTIFF's option, as required under the ACT, in
5    an amount not less than $131,606.60;

6    2.    For incidental damages, according to proof;

7    3.    For consequential damages, according to proof;

8    4.    For prejudgment interest at the legal rate;

9    5.    For a civil penalty as provided in the ACT, in an amount not to exceed two (2) times
10    the amount of PLAINTIFF's actual damages;

11    6.    For attorneys' fees based upon actual time expended, according to proof;

12    7.    For all costs and expenses of suit incurred; and,

13    8.    For such other and further relief as this Court may deem just and proper.

14

15    DATED:   February 15, 2018                **NORMAN TAYLOR & ASSOCIATES**

16

17

18    By: _____
       Norman F. Taylor, Esq.
19     Attorney for Plaintiff,
       HAROLD JABARIAN

20

21    **DEMAND FOR JURY TRIAL**

22    Plaintiff, HAROLD JABARIAN, hereby demands trial by jury.

23

24    DATED:   February 15, 2018                **NORMAN TAYLOR & ASSOCIATES**

25

26

27    By: _____
       Norman F. Taylor, Esq.
28     Attorney for Plaintiff,
       HAROLD JABARIAN

8

COMPLAINT RE VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT ["ACT"]
{Civil Code §§ 1790 et seq.}

# EXHIBIT "A"

# RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)

FORM # 2340   CUST # 6429359119
STORE # 692   N1004635   Contract Number 62833
Dealer Number

| Buyer Name and Address | Seller-Creditor (Name and Address) |
|---|---|
| HAROLD JABARIAN | LAND ROVER ENCINO |
| 732 SAINT KATHERINE DR | 15800 VENTURA BLVD |
| LA CANADA FLT CA LOS ANGE 91011 | ENCINO, CA 91436 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make | Vehicle Identification Number | Primarily for |
|---|---|---|---|---|
| NEW | 2019 | LAND ROVER RANGE ROVER | SALGS2TFXFA227129 | Personal, family, or household |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your downpayment of $ |
|---|---|---|---|---|
| 1.78 % | $4300.07 | $130102.89 | $130102.89 | $ |

### YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| N/A | N/A | N/A |
| N/A | N/A | N/A |
| N/A | N/A | Monthly beginning 08/10/2019 |
| N/A | N/A | N/A |
| One final payment | 1598.51 | 07/10/2020 |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of

### ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

1. Total Cash Price
   A—Cash Price of Motor Vehicle and Accessories
      1. Cash Price Vehicle $115262.00
      B. Document Processing Charge (not a governmental fee) $80.00
      C. Emissions Testing Charge (not a governmental fee) $N/A
      D. (Optional) Theft Deterrent Device (to whom paid) $N/A
      E. (Optional) Theft Deterrent Device (to whom paid) $N/A
      F. (Optional) Theft Deterrent Device (to whom paid) $N/A
      G. (Optional) Surface Protection Product (to whom paid) $N/A
      H. (Optional) Surface Protection Product (to whom paid) $N/A
      I. E.V. Charging Station (to whom paid) $N/A
      J. Sales Tax (on taxable items) $10380.78
      K. Electronic Vehicle Registration or Transfer Charge



J. Sales Tax (on taxable items in A through I) $ 10560.?? (J)
K. Electronic Vehicle Registration or Transfer Charge (not a governmental fee) (to whom paid) MVSC $ 29.00 (K)
L. (Optional) Service Contract (to whom paid) Service Contract $ 696.00 (L)
M. (Optional) Service Contract (to whom paid) N/A $ N/A (M)
N. (Optional) Service Contract (to whom paid) N/A $ N/A (N)
O. (Optional) Service Contract (to whom paid) N/A $ N/A (O)
P. (Optional) Service Contract (to whom paid) N/A $ N/A (P)
Q. Prior Credit or Lease Balance paid by Seller to (see downpayment and trade-in calculation) N/A $ N/A (Q)
R. (Optional) Gap Contract (to whom paid) N/A $ N/A (R)
S. (Optional) Used Vehicle Contract Cancellation Option Agreement $ N/A (S)
T. Other (to whom paid) N/A For N/A $ N/A (T)
1. Total Cash Price (A through T) $ 126447.78 (1)
2. Amounts Paid to Public Officials ESTIMATED
A. Vehicle License Fees $ 749.00 (A)
B. Registration/Transfer/Titling Fees $ 101.00 (B)
C. California Tire Fees $ 8.75 (C)
D. Other N/A $ N/A (D)
Total Official Fees (A through D) $ 858.75 (2)
3. Amount Paid to Insurance Companies (Total premiums from Statement of Insurance column (b)) $ N/A (3)
4. State Emissions Certification Fee or State Emissions Exemption Fee $ N/A (4)
5. Subtotal (1 through 4) $ 127306.53 (5)
6. Total Downpayment
A. Agreed Trade-In Value Year N/A Make N/A Model N/A Odometer N/A VIN N/A $ N/A (A)
B. Less: Prior Credit or Lease Balance (e) $ N/A (B)
C. Net Trade-In (A less B) (indicate if a negative number) $ N/A (C)
D. Deferred Downpayment $ N/A (D)
E. Manufacturer's Rebate $ N/A (E)
F. Other $ N/A (F)
G. Cash $ 35696.00 (G)
Total Downpayment (C through G) $ 35696.00 (6)
7. Amount Financed (5 less 6) $ 91610.53 (7)

You are applying for the credit insurance marked above. Your signature below means that you agree that: (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective Date. (3) Only the Primary Buyer is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS (Refer to "Total Disabilities Not Covered" in your policy for details).

You want to buy the credit insurance.

N/A N/A N/A
Date Buyer Signature Age

N/A N/A N/A
Date Co-Buyer Signature Age

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 1R of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term N/A Mos. N/A Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X N/A

OPTIONAL SERVICE CONTRACT(S). You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in Item 1L, 1M, 1N, 1O and/or 1P.

1L Company Service Contract
Term 36 Mos. or 36,000 Miles
1M Company N/A
Term N/A Mos. or N/A Miles
1N Company N/A
Term N/A Mos. or N/A Miles
1O Company N/A
Term N/A Mos. or N/A Miles
1P Company N/A
Term N/A Mos. or N/A Miles

Buyer X

SELLER ASSISTED LOAN: BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.

Proceeds of Loan From N/A
Amount $ N/A Finance Charge $ N/A
Total $ N/A Payable in N/A
Installments of $ N/A N/A

This Loan is shown in item 6D

AUTO BROKER FEE DISCLOSURE

If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

Name of autobroker receiving fee, if applicable:

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X

Co-Buyer Signs X N/A

SELLER'S RIGHT TO CANCEL If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

Buyer X

Co-Buyer X

Agreement to Arbitrate: By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X

Co-Buyer Signs X

OPTION: You pay no finance charge if the Amount Financed, item 7, is paid in full on or before

SELLER'S INITIALS

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

WARNING:

YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.

FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

X N/A

CUSTOMER/TRUTH IN LENDING COPY

# EXHIBIT "B"



## Summary of Warranties

A summary of Land Rover warranties applicable to 2015 Model Year vehicles follows.

### New Vehicle Limited Warranty

**Bumper to bumper**
4 years / 50,000 miles
(whichever occurs first)

**Battery**
4 years / 50,000 miles
(whichever occurs first)

**Wear parts and service adjustments**
1 year / 12,500 miles
(whichever occurs first)

**Corrosion**
6 years / unlimited mileage

**NOTE:** Some states have mandated alternate coverage time periods for parts of your vehicle (e.g. seat belts).

### Emission Control System Warranties

**Federal**
Emission Design and Defect Warranty [‡]
2 years / 24,000 miles
(whichever occurs first)

— Certain emissions-related parts [*]
8 years / 80,000 miles
(whichever occurs first)

Emission Performance Warranty
2 years / 24,000 miles
(whichever occurs first)

— Certain emissions-related parts [*]
8 years / 80,000 miles
(whichever occurs first)

**California** [†]
Emission Defect Warranty: non-PZEV [§]

• Short-term Warranty [‡]
3 years / 50,000 miles
(whichever occurs first)

• Long-term Warranty [**]
7 years / 70,000 miles
(whichever occurs first)

Emission Performance Warranty: non-PZEV [§]
3 years / 50,000 miles
(whichever occurs first)

Emission Defect & Performance Warranty: PZEV [§]
15 years / 150,000 miles
(whichever occurs first)

[‡]   Extended to 4 years / 50,000 miles (whichever occurs first) under the New Vehicle Limited Warranty Bumper-to-Bumper coverage.

[*]   Specific components are listed in the section "Federal Emission Control System Warranties" of this handbook.

[**]  Specific components are listed in the section "California Emission Control System Warranties" of this handbook.

[§]   PZEV (Partial Zero Emission Vehicle) is a vehicle certified to California's PZEV standards as indicated on the Vehicle Emission Control Information label located in the engine compartment.

[†]   California Emission Control System Warranties are also applicable to vehicles registered in certain other states. Specific states and vehicle applicability are specified in the section "California Emission Control System Warranties" of this handbook.

5

·SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE - IC

Case Number _____   **BC 6 9 5 3 3 3**

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Debre K. Weintraub | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | | Hon. Teresa A. Beaudet | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | | Hon. Michael J. Raphael | 51 | 511 |
| Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Howard L. Halm | 53 | 513 |
| Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Holly J. Fujie | 56 | 514 |
| Hon. Yvette M. Palazuelos | 28 | 318 | ✕ | Hon. John P. Doyle | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 |
| Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 |
| Hon. Daniel S. Murphy | 32 | 406 | | Hon. Mark Mooney | 68 | 617 |
| Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Monica Bachner | 71 | 729 |
| Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Elizabeth Feffer | 39 | 415 | | Hon. Michelle Williams Court | 74 | 735 |
| Hon. David Sotelo | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 |
| Hon. Holly E. Kendig | 42 | 416 | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | |
| Hon. Frederick C. Shaller | 46 | 500 | | | | |
| Hon. Randolph Hammock | 47 | 507 | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____
                                                                         (Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____, Deputy Clerk

LACIV 190 (Rev 12/17)        **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

036

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____      ➢ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR PLAINTIFF)

Date:

_____      ➢ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date:

_____      ➢ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date:

_____      ➢ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date:

_____      ➢ (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____      ➢ (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____      ➢ (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |
| TELEPHONE NO.:      FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2

038

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
(INSERT DATE)                                         (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____             ➢ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR PLAINTIFF)
Date:

_____             ➢ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____             ➢ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____             ➢ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____             ➢ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)
Date:

_____             ➢ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)
Date:

_____             ➢ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:       FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

040

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

> The person who files a civil lawsuit (plaintiff) must include the ADR information
> Packet with the complaint when serving the defendant. Cross-complainants must
> serve the ADR Information Packet on any new parties named to the action
> together with the cross-complaint.
>
> There are a number of ways to resolve civil disputes without having to sue
> someone. These alternatives to a lawsuit are known as alternative dispute
> resolution (ADR).
>
> In ADR, trained, impartial persons decide disputes or help parties decide disputes
> themselves. These persons are called neutrals. For example, in mediations, the
> neutral is the mediator. Neutrals normally are chosen by the disputing parties or by
> the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.


A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19


To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/


<div align="center">

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

</div>

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (DIVERSITY); DECLARATION OF JACQUELINE BRUCE CHINERY**

1  LEHRMAN LAW GROUP
   KATE S. LEHRMAN [Bar No. 123050]
2  JACQUELINE BRUCE CHINERY [Bar No. 187544]
   NATHAN R. BROGDEN [Bar No. 314980]
3  12121 Wilshire Boulevard
   Suite 1300
4  Los Angeles, CA  90025
   (310) 917-4500
5  (310) 917-5677 (FAX)

6  Attorneys for Defendant
   JAGUAR LAND ROVER NORTH AMERICA, LLC
7

8

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 19 2018

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10            COUNTY OF LOS ANGELES – CENTRAL DISTRICT

11

12  HAROLD JABARIAN, an individual,          )  Case No. BC695333
                                             )  [Filed:  February 23, 2018]
13              Plaintiff,                    )
                                             )  Hon. John P. Doyle
14       v.                                   )  Dept. 58
                                             )
15  JAGUAR LAND ROVER NORTH                   )
16  AMERICA, LLC, a limited liability company; )  **JAGUAR LAND ROVER NORTH**
    LAND ROVER ENCINO, a business entity,     )  **AMERICA, LLC'S ANSWER TO**
17  form unknown; and DOES 1 through 50,      )  **COMPLAINT; DEMAND FOR JURY**
    inclusive,                               )  **TRIAL**
18                                            )
               Defendants.                    )
19                                            )
                                             )  DISCOVERY CUT-OFF:      NONE
20                                            )  MOTION CUT-OFF:         NONE
                                             )  TRIAL DATE:             NONE
21  _____ )

22

23       Defendant JAGUAR LAND ROVER NORTH AMERICA, LLC answers the Complaint

24  of plaintiff HAROLD JABARIAN (plaintiff) as follows:

25       1.     By virtue of the provisions of the Code of Civil Procedure section 431.30,

26  subdivision (d), defendant denies, generally and specifically, each and every allegation contained

27  in the Complaint.

28  ///

**FIRST AFFIRMATIVE DEFENSE**

2.    The Complaint fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

3.    The Complaint fails to state facts sufficient to entitle plaintiff to the relief sought, or any other relief whatever.

**THIRD AFFIRMATIVE DEFENSE**

4.    Plaintiff's claims for consequential and incidental damages, including damages for physical and emotional injury, are specifically barred by the terms of the warranty in question and applicable law.

**FOURTH AFFIRMATIVE DEFENSE**

5.    The Complaint, and each and every cause of action contained therein, is barred by the applicable statute of limitations, including, but not limited to, Commercial Code section 2725, Code of Civil Procedure sections 337, 338, 339, 340 or 343 and Civil Code section 1793.2.

**FIFTH AFFIRMATIVE DEFENSE**

6.    Defendant has clearly and conspicuously disclosed to plaintiff, with the warranty or the owner's manual, the provisions of Civil Code section 1793.22 and of Civil Code section 1793.2, subdivision (d), including the requirement that plaintiff must notify defendant directly pursuant to paragraphs (1) and (2) of Civil Code section 1793.22, subdivision (b).  Defendant is informed and believes, and based thereon alleges, that plaintiff did not give proper notice.

**SIXTH AFFIRMATIVE DEFENSE**

7.    Plaintiff is barred from recovery to the extent that any alleged defect or nonconformity was caused by the unauthorized or unreasonable use of the vehicle following sale or lease. (Civ. Code, § 1794.3.)

**SEVENTH AFFIRMATIVE DEFENSE**

8.    Any delay in servicing or repairing plaintiff's vehicle was caused by conditions beyond the control of defendant and its authorized repair facilities.  The vehicle was tendered as soon as possible following termination of the condition giving rise to the delay.  (Civ. Code, § 1793.2, subd. (b).)

JAGUAR LAND ROVER NORTH AMERICA, LLC'S ANSWER TO COMPLAINT;
DEMAND FOR JURY TRIAL

### EIGHTH AFFIRMATIVE DEFENSE

9.     Persons, both served and unserved, named and unnamed, in some manner or percentage were responsible for plaintiff's damages, if any, and defendant requires an Order from the trier of fact setting forth a percentage of fault of each and every person, named and unnamed, served and unserved, and the proportion of the several liability for non-economic damages, pursuant to the provisions of Civil Code sections 1431.2, et seq.

### NINTH AFFIRMATIVE DEFENSE

10.     Plaintiff cannot recover a civil penalty because plaintiff's claim is based solely on breach of an implied warranty.  (Civ. Code, § 1794, subd. (c).)

### TENTH AFFIRMATIVE DEFENSE

11.     Plaintiff cannot recover a civil penalty because defendant's actions were not willful.  (Civ. Code, § 1794, subd. (c).)

### ELEVENTH AFFIRMATIVE DEFENSE

12.     The amount of restitution, if any, to which plaintiff may be entitled, must be reduced by that amount directly attributable to use by plaintiff prior to the time that plaintiff first delivered the vehicle for correction of the problem that gave rise to the nonconformity, according to proof at trial.  (Civ. Code, §1793.2, subd. (d)(2)(C).)

### TWELFTH AFFIRMATIVE DEFENSE

13.     Plaintiff cannot recover a civil penalty for a non-willful violation of paragraph (2) of subdivision (d) of Civil Code section 1793.2, because defendant participates in a qualified third-party dispute resolution process.  (Civ. Code, § 1794, subd. (e)(2).)

### THIRTEENTH AFFIRMATIVE DEFENSE

14.     Defendant is informed and believes, and based thereon alleges, that plaintiff cannot recover a civil penalty for a non-willful violation of paragraph (2) of subdivision (d) of Civil Code section 1793.2, because plaintiff failed to serve proper notice.  (Civ. Code, § 1794, subd. (e)(3).)

///

///

**JAGUAR LAND ROVER NORTH AMERICA, LLC'S ANSWER TO COMPLAINT;**
**DEMAND FOR JURY TRIAL**

## FOURTEENTH AFFIRMATIVE DEFENSE

15.     Defendant participates in a qualified third-party dispute resolution process, and plaintiff received timely notification in writing of the availability of that qualified third-party dispute resolution process with a description of its operation and effect.  The presumption in Civil Code section 1793.22, subdivision (b) may not be asserted by plaintiff because plaintiff did not initially resort to the qualified third-party dispute resolution process.  (Civ. Code, § 1793.22, subd. (c).)

## FIFTEENTH AFFIRMATIVE DEFENSE

16.     Defendant is informed and believes that plaintiff's claims, if any, may be subject to mandatory arbitration under the purchase/lease agreement executed by plaintiff.

## PRAYER

**WHEREFORE**, JAGUAR LAND ROVER NORTH AMERICA, LLC prays:

1.     Plaintiff take nothing by virtue of the Complaint;

2.     Defendant be awarded its costs of suit and reasonable attorney's fees, if appropriate; and

3.     For such other and further relief as the Court deems just and proper.

DATED:  April 19, 2018

LEHRMAN LAW GROUP
KATE S. LEHRMAN
JACQUELINE BRUCE CHINERY
NATHAN R. BROGDEN

By:    _J. Bruce Chinery_

Nathan R. Brogden
Attorneys for Defendant
JAGUAR LAND ROVER NORTH AMERICA,
LLC

1

## DEMAND FOR JURY TRIAL

2

Defendant JAGUAR LAND ROVER NORTH AMERICA, LLC demands trial by jury.

3

DATED:  April 19, 2018

LEHRMAN LAW GROUP
KATE S. LEHRMAN
JACQUELINE BRUCE CHINERY
NATHAN R. BROGDEN

4

5

6

7

By: _____

Nathan R. Brogden
Attorneys for Defendant
JAGUAR LAND ROVER NORTH AMERICA,
LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA      )
                          ) ss.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 12121 Wilshire Blvd., Suite 1300, Los Angeles, CA 90025.

On April 19, 2018, I served, in the manner indicated below, the foregoing document described as:  **JAGUAR LAND ROVER NORTH AMERICA, LLC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Los Angeles, CA addressed as follows:

### SEE ATTACHED SERVICE LIST

☐ BY OVERNIGHT DELIVERY: I caused such envelopes to be delivered by Golden State Overnight air courier, with next day service, to the offices of the addressees. (C.C.P. §1013(c)(d).)

☐ BY FACSIMILE:  (C.C.P. § 1013(e)(f).)

☒ **BY MAIL**: I caused to be delivered by U.S. mail by placing a true copy thereof enclosed in sealed envelopes addressed as stated above.  I am "readily familiar" with the firm's practice of collection and processing documents for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

☐ BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to the offices of the addressees.  (C.C.P. § 1011(a)(b).)

☐ BY ELECTRONIC MAIL: I transmitted such document from Los Angeles, California, to the electronic mail address maintained by the person(s) on the SERVICE LIST as last indicated by that person on a document that he or she has filed in the above-entitled cause and served on this party. C.C.P. §1010.6 (a)(6).)

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 19, 2018, in Los Angeles, California.

*Theresa M. Naumann*

Theresa May Naumann

JAGUAR LAND ROVER NORTH AMERICA, LLC'S ANSWER TO COMPLAINT;
DEMAND FOR JURY TRIAL

**PROOF OF SERVICE LIST**
**JAGUAR LAND ROVER NORTH AMERICA, LLC/JABARIAN**
(T83-599)(590.599)
Case No. BC695333
Page 1

| | |
|---|---|
| Norman F. Taylor, Esq. | Attorneys for Plaintiff |
| John K. Ciccarelli, Esq. | HAROLD JABARIAN |
| NORMAN TAYLOR & ASSOCIATES | |
| 425 West Broadway | |
| Suite 220 | |
| Glendale, CA  91204-1269 | |
| (818) 244-3905 | |
| (818) 244-6052 (FAX) | |

**054**

JAGUAR LAND ROVER NORTH AMERICA, LLC'S ANSWER TO COMPLAINT;
DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (DIVERSITY); DECLARATION OF
JACQUELINE BRUCE CHINERY**

ORIGINAL

CIV-110

**BY FAX**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Norman F. Taylor, Esq. (SBN: 127325)
Norman Taylor & Associates, 425 W. Broadway Suite 220, Glendale CA 91204
TELEPHONE NO.: 818.244.3905      FAX NO. *(Optional):*  818.244.6052
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff, Harold Jabarian

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA  90012
BRANCH NAME: Central District

**FILED**
Superior Court of California
County of Los Angeles

JUN 1 - 2018

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Robert Lee

PLAINTIFF/PETITIONER: Harold Jabarian

DEFENDANT/RESPONDENT: Jaguar Land Rover North America, LLC, et al.

| **REQUEST FOR DISMISSAL** | CASE NUMBER: BC695333 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice  (2) ☑ Without prejudice
   b. (1) ☐ Complaint  (2) ☐ Petition
   (3) ☐ Cross-complaint filed by *(name):*                      on *(date):*
   (4) ☐ Cross-complaint filed by *(name):*                      on *(date):*
   (5) ☐ Entire action of all parties and all causes of action
   (6) ☑ Other *(specify):** Defendant LAND ROVER ENCINO, only

2. *(Complete in all cases except family law cases.)*
   The court ☐ did ☑ did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: 06/01/2018

Norman F. Taylor, Esq.
(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ _____ (SIGNATURE)

Attorney or party without attorney for:
☑ Plaintiff/Petitioner      ☐ Defendant/Respondent
☐ Cross-Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
   Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

▶ _____ (SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner      ☐ Defendant/Respondent
☐ Cross-Complainant

*(To be completed by clerk)*

4. ☒ Dismissal entered as requested on *(date):*  JUN 1 - 2018

5. ☐ Dismissal entered on *(date):*                      as to only *(name):*

6. ☐ Dismissal **not entered** as requested for the following reasons *(specify):*

7. a. ☐ Attorney or party without attorney notified on *(date):*
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed  ☐ means to return conformed copy

Date: JUN 1 - 2018                      Clerk, by _____, Deputy

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

ORIGINAL

CIV-110

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Norman F. Taylor, Esq. (SBN: 127325)
Norman Taylor & Associates, 425 W. Broadway Suite 220, Glendale CA 91204
TELEPHONE NO.: 818.244.3905     FAX NO. *(Optional):* 818.244.6052
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff, Harold Jabarian

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA  90012
BRANCH NAME: Central District

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Los Angeles

JUN 1 - 2018

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Robert Lee

PLAINTIFF/PETITIONER: Harold Jabarian

DEFENDANT/RESPONDENT: Jaguar Land Rover North America, LLC, et al.

| **REQUEST FOR DISMISSAL** | CASE NUMBER: BC695333 |

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice   (2) ☑ Without prejudice
   b. (1) ☐ Complaint   (2) ☐ Petition
   (3) ☐ Cross-complaint filed by *(name):*                              on *(date):*
   (4) ☐ Cross-complaint filed by *(name):*                              on *(date):*
   (5) ☐ Entire action of all parties and all causes of action
   (6) ☑ Other *(specify):** Defendant LAND ROVER ENCINO, only

2. *(Complete in all cases except family law cases.)*
   The court ☐ did ☑ did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*
   Date: 06/01/2018

   Norman F. Taylor, Esq.
   (TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

   ► _____ *(SIGNATURE)*
   Attorney or party without attorney for:
   ☑ Plaintiff/Petitioner   ☐ Defendant/Respondent
   ☐ Cross-Complainant

   *If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and  identify the parties, causes of action, or cross-complaints to be dismissed.

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
   Date:

   (TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

   ► _____ *(SIGNATURE)*
   Attorney or party without attorney for:
   ☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
   ☐ Cross-Complainant

   ** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

*(To be completed by clerk)*

4. ☒ Dismissal entered as requested on *(date):*  JUN 1 - 2018

5. ☐ Dismissal entered on *(date):*                    as to only *(name):*

6. ☐ Dismissal **not entered** as requested for the following reasons *(specify):*

7. a. ☐ Attorney or party without attorney notified on *(date):*
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
        ☐ a copy to be conformed   ☐ means to return conformed copy

Date: JUN 1 - 2018          Clerk, by _____, Deputy

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3 1390
www.courts.ca.gov

BY FAX

CIV-110

| PLAINTIFF/PETITIONER: Harold Jabarian | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Jaguar Land Rover North America, LLC, et al. | BC695333 |

---

### COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1.  The court waived court fees and costs in this action for *(name):*   N/A

2.  The person named in item 1 is *(check one below):*
    a. ☐  not recovering anything of value by this action.
    b. ☐  recovering less than $10,000 in value by this action.
    c. ☐  recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐  All court fees and court costs that were waived in this action have been paid to the court *(check one):*  ☐ Yes  ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____          ▶ _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                              (SIGNATURE)

---

1
## PROOF OF SERVICE

2       I am a citizen of the United States and employed in Los Angeles County, California.  I
3  am over the age of eighteen years and not a party to the within-entitled action.  My business
   address is 425 West Broadway, Suite 220, Glendale, CA  91204.

4       On June 1, 2018, I served a copy of the within document(s):  **PLAINTIFF'S REQUEST**
5  **FOR DISMISSAL OF DEFENDANT LAND ROVER ENCINO ONLY** on the interested
   parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Glendale,
6  California addressed as follows:

7  Kate S. Lehrman, Esq.                            **Attorneys for Defendant**
8  Jacqueline Bruce Chinery, Esq.                   **JAGUAR LAND ROVER NORTH**
   Nathan R. Brogden, Esq.                          **AMERICA, LLC and LAND ROVER**
9  LEHRMAN LAW GROUP                                **ENCINO**
   12121 Wilshire Boulevard, Suite 1300
10 Los Angeles, CA  90025
   Tel: (310) 917-4500
11 Fax: (310) 917-5677

12
   X    **BY MAIL (CCP §1013(a) and CCP §2015.5):** I am readily familiar with the firm's
13      practice of collection and processing documents for mailing.  Under that practice it would be
        deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at
14      Glendale, California, in the ordinary course of business.  I am aware that on motion of the
        party served, service is presumed invalid if postal cancellation date or postage meter date is
15      more than one day after date of deposit for mailing in affidavit.

16
   ☐    **BY FACSIMILE TRANSMISSION (CCP §1013(e)(f) and CCP §2015.5):** I caused
17      such documents to be delivered via facsimile transmittal to the office of the addressee.  The
        transmission(s) reported as complete and without error.
18

19 X    **BY ELECTRONIC MAIL (CCP §1010.6; CCP §1013(g) and CCP §2015.5)**

20 ☐    **BY PERSONAL SERVICE (CCP §1011 and CCP §2015.5):** I caused such documents
        to be hand-delivered to the office of the addressee.
21

22                  X State          ☐ Federal

23      I declare under penalty of perjury pursuant to the laws of the State of California that the
   foregoing is true and correct.

24
        Executed on June 1, 2018, at Glendale, California.
25

26                                          /s/ Lusine Musat
27                                          _____
                                            Lusine Musat
28

Jabarian v. Jaguar Land Rover North America, LLC, et al.                           BC695333

# <u>PROOF OF SERVICE BY MAIL</u>

STATE OF CALIFORNIA       )
                          ) ss.
COUNTY OF LOS ANGELES   )

     I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. My business address is 12121 Wilshire Blvd., Suite 1300, Los Angeles, CA 90025.

     On June 27, 2018, I served a true copy indicated below in the manner as provided in FRCivP 5(b), the foregoing document described as: **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (DIVERSITY AND FEDERAL QUESTION); DECLARATION OF JACQUELINE BRUCE CHINERY** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Los Angeles, California, addressed as follows:

## SEE ATTACHED SERVICE LIST

☒ **BY MAIL**: I caused to be delivered by U.S. mail by placing a true copy thereof enclosed in sealed envelopes.  I am "readily familiar" with the firm's practice of collection and processing documents for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

☐ BY OVERNIGHT DELIVERY:  I caused such envelopes to be delivered by Golden State Overnight air courier, with next day service, to the offices of the addressees.

☐ BY PERSONAL SERVICE:  I caused the such envelopes to be delivered by hand to the offices of the addressees delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b).

___ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

_X_ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

     I hereby certify under the penalty of perjury that the foregoing is true and correct.

     Executed on June 27, 2018, in Los Angeles, California.


                ___/s/ *Theresa May Naumann*_____
                    Theresa May Naumann

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (DIVERSITY); DECLARATION OF JACQUELINE BRUCE CHINERY**

**PROOF OF SERVICE LIST**
**JAGUAR LAND ROVER NORTH AMERICA, LLC/JABARIAN**
(T83-599)(590.599)
Superior Court Case No. BC695333
U.S. District Court case no. 2:18-cv-5679
Page 1

Norman F. Taylor, Esq.                    Attorneys for Plaintiff
John K. Ciccarelli, Esq.                   HAROLD JABARIAN
NORMAN TAYLOR & ASSOCIATES
425 West Broadway
Suite 220
Glendale, CA  91204-1269
(818) 244-3905
(818) 244-6052 (FAX)

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (DIVERSITY); DECLARATION OF
JACQUELINE BRUCE CHINERY